Dear Chief Palermo:
You have requested an opinion of the Attorney General's Office as to whether the chief of police and/or his deputies can be compelled to make or effect service of process within or outside the municipal corporate boundaries on matters issuing from the local district court. I am assuming for purposes of this opinion that provisions of the Lawrason Act are applicable.
It is clear that the sheriff has the primary duty to effect service of process issued by any state district court. The Louisiana Constitution specifies that sheriffs "shall execute court orders and process." La. Const. Art. 5 § 27. Louisiana Code of Civil Procedure Art. 252 grants authority to the clerk of court to issue process and then states that, "If service by the sheriff is required, the clerk shall deliver or mail them to the sheriff who is to make the service." Moreover, C.C.P. Art. 321 terms the sheriff "the executive officer of the district court", and states that, "He shall serve citations, summons, subpoenas, notices, and other process, and shall execute writs, mandates, orders, and judgments directed to him by the district courts, the courts of appeal, and the supreme court." See also C.C.P. Arts. 1313, 1314. Either the sheriff where the action is pending or where service is made may effect service. C.C.P. Art. 1291. See also C.C.P. Art. 1292 re sheriff's return.
Few exceptions to this general grant of authority to a sheriff to serve process issuing from district courts can be found. One exception permits the sheriff to authorize the chief of police to serve district court process. Under C.C.P. Art. 332, a constable of a justice of the peace court, or a constable or marshal of a city court may serve district court process within their jurisdictions, but only after receiving authority from a sheriff. See also R.S. 13:3484 re mailing of process to deputy, constable, or marshal for service. The marshal is the chief of police and the ex officio constable. R.S. 33:423. Furthermore, when there is no sheriff or when the sheriff has been disqualified, process may be served by a regular constable or "by any officer appointed by the court." R.S. 13:3476. When effecting service under R.S. 13:3476, the constable has all the powers of the sheriff, i.e. he may serve outside of the municipal corporate boundaries. Another exception permits service by a private person in the event the sheriff is unable to effect service, but only after court order. C.C.P. Art.1293. It perhaps should be noted that a "writ of habeas corpus may be served by any person over the age of twenty-one who is capable of testifying." C.C.P. Art. 3823; see also C.Cr.P. Art.355 to the same effect. Finally, it should also be noted that the above does not address service of city court process. The chief of police has authority to serve city court process within his jurisdiction. R.S. 13:1892.
In sum, the chief of police and/or his deputies may be compelled to make or effect service of process within his jurisdiction under C.C.P. Art. 332, i.e. after being authorized by the sheriff, or outside the municipal corporate boundaries under R.S. 13:3476, i.e. when the sheriff is disqualified or when there is no sheriff, on matters issuing from the local district court.
Trusting the above answers your questions.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES C. HRDLICKA Assistant Attorney General
RPI/JCH/vls-0808q